IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

                                                    Case No.  8:13-CR-316 (GTS)

        v.

ALLAN PETERS,                              GOVERNMENT'S SENTENCING
                                                      MEMORANDUM

        Defendant.

_____

       The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum.

**I**

**INTRODUCTION**

       On January 30, 2014, the defendant was convicted of conspiracy to possess with intent to distribute and to distribute a controlled substance, in violation of 21 U.S.C. §§846 and 841(a)(1). The jury also found that the defendant's offense involved 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §841(b)(1)(A).

       The charges arose from the defendant's involvement with a drug trafficking organization ("the organization").  The defendant's role in the organization was to facilitate the smuggling of marijuana into the United States from Canada and the smuggling of drug proceeds from the United States into Canada.  In order to do so, the defendant used his mother's property as a smuggling hub for the organization due to its proximity to Canada and the St. Lawrence River.

At trial, several witnesses testified that they picked up marijuana from the defendant's residence on dozens of occasions. Law enforcement seized marijuana from the witnesses a number of times which they had picked up at the defendant's residence. The witnesses testified to the defendant's significant involvement in the conspiracy, including that he paid couriers, coordinated logistics with coconspirators, acted as a scout for couriers, and received payments for the use of his mother's property. The government also introduced a recorded conversation between Peters and one of his coconspirators in which Peters told his coconspirator, "Everybody is done at my mother's."

The defendant is scheduled to be sentenced on October 2, 2014.

## II

### APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.     Statutory Maximum and Minimum Sentences**

The defendant's conviction for conspiracy to possess with intent to distribute and to distribute a controlled substance, in violation of 21 U.S.C. § 846, 841(a), and (b)(1)(A) subjects the defendant to a statutory mandatory minimum term of 10 years imprisonment, a statutory maximum term of life imprisonment, a maximum fine of $10,000,000, and a maximum term of supervised release of life. *See* 21 U.S.C. §841(b)(1)(A). The defendant is required to pay a special assessment of $100, due and payable at or before sentencing. *See* 18 U.S.C. § 3013.

**2.	Guidelines Provisions**

    **a.	Offense Level**

Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction for 21 U.S.C. §§846, 841(a)(1) is 32. The government agrees with the Probation Department's determination that there are no applicable specific offense characteristics.

    **b.	Acceptance of Responsibility**

The government agrees with the Probation Department's determination that the defendant is not entitled to credit for acceptance of responsibility. After he was found guilty at trial, the defendant declined to discuss the offense with the Probation Department. He has not accepted responsibility for his conduct and a reduction under U.S.S.G. §3E1 is not warranted.

    **c.	Criminal History Category**

According to the presentence report, the defendant's criminal history category is II. The government agrees with the Probation Department's determination of the defendant's criminal history category.

    **d.	Guidelines Range and Sentence**

As described above, the combined offense level is 32 and the criminal history category is II. This is consistent with the calculations in the presentence report. As a result of the above-described calculations, the federal sentencing guidelines sections advise that the defendant receive a sentence of 135 to 168 months imprisonment; a fine of between $17,500 and $1,000,000; a $100 special assessment; and a supervised release term of at least five years and up to life. The Court should also impose forfeiture on the defendant.

## III

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a term of imprisonment within the sentencing guidelines range followed by a term of supervised release within the guidelines range. The government also requests that the Court enter a money judgment in the amount of $1,000,000 in U.S. currency as outlined in the Preliminary Order of Forfeiture. The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2) for the following reasons:

The nature and circumstances of the offense and the history and characteristics of the defendant all weigh in favor of a within guidelines sentence. The defendant was involved with the organization for at least six years. The defendant coordinated with the organization, paid its couriers, received payment for the use of his mother's property, smuggled its marijuana and proceeds, and acted as a scout for couriers carrying loads of marijuana. International drug smuggling is a serious offense. The United States has a significant interest in dismantling organizations like the one with which the defendant was associated. The defendant played a pivotal role in the organization as he provided the organization with the means to smuggle the marijuana into the United States for further distribution and to funnel the proceeds back to Canada. His punishment should reflect the seriousness of his offense.

Moreover, the history and characteristics of the defendant warrant a sentence within the guidelines. Most significantly, in 1999, the defendant was convicted in the Northern District of New York for conspiracy to unlawfully possess and distribute machine guns. As part of that

offense, the defendant converted semi-automatic firearms to fully automatic, removed and obliterated their serial numbers, and sold them.  The defendant admitted that he sold the firearms to smugglers who wanted them to protect their smuggling operations.  As a result of this conviction, the defendant was sentenced to 60 months imprisonment followed by 3 years post-release supervision.  His supervised release ended in 2005, when the defendant began his involvement with the instant charges.  Clearly the defendant's previous 60 month sentence did not deter him from continuing to engage in criminal conduct.  Accordingly, a sentence within the guideline range in this matter would be appropriate as it would be more significant than the defendant's prior term of imprisonment and provide a deterrent.

The defendant has demonstrated that he does not respect the law, as evidenced by his criminal history and conduct in the instant offense.  Despite his prior convictions, the defendant continued to smuggle marijuana and drug proceeds in exchange for payment.  The recommended sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and deters future criminal conduct.

Respectfully submitted this 11th day of September, 2014,

RICHARD S. HARTUNIAN
United States Attorney


By:   */s/ Katherine E. Kopita*
Katherine E. Kopita
Assistant United States Attorney
Bar Roll No. 517944

## CERTIFICATE OF SERVICE

      I hereby certify on September 11, 2014, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for the defendant.

      /S/ _Katherine E. Kopita_