UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

-against-

ALLAN PETERS,                                         8:13-CR-316-002(GTS)

**Defendant.**

## DEFENDANT'S SENTENCING MEMORANDUM

Upon the Defendant's substitution of counsel, Allan Peters respectfully withdraws that Sentencing Memorandum [Docket #71] previously filed by former counsel, Brian P. Barrett, Esq..

Mr. Peters submits this Sentencing Memorandum to assist the Court in determining the appropriate sentence for the offense upon which he has been found guilty.

On January 30, 2014, following a four day jury trial, Defendant Allan Peters, was found guilty by a jury on Count 1 of the single count Indictment, which charged Defendant with Conspiracy to Knowingly and Intentionally Possess with Intent to Distribute and to Distribute 1000 kg. of Marihuana, in violation of 21 U.S.C. §841(a)(1) & 846.  This offense is a Class A Felony.

Mr. Peters understands that the Court may not disregard the jury's finding that triggers a mandatory minimum sentence of 10 years under 21 U.S.C. §846 and 21 U.S.C. §841(b)(1)(A).[1]

---

[1] It should be noted that the harshness of the mandatory minimums as applied to participants such as Mr. Peters has been the subject of significant debate.

1

## NATURE AND CIRCUMSTANCES OF THE OFFENSE

Mr. Peters acknowledges that he declined to discuss the offense of conviction in his presentence interview. By his continued assertion of innocence, Mr. Peters objects to those portions of the PSR describing his role in the offense, which is based upon opinion/analysis of the evidence adduced at trial and wherein the Probation Officer sets forth that such is largely based upon his reliance on the Government's description of the offense and with reference to the Government's Trial Memorandum filed in the case.

### The Defendant's Criminal History/Criminal History Computation

The Criminal History Category of II, as applied to Mr. Peters, is not disputed.

### Financial Condition/Ability to Pay

The Presentence Report accurately details Defendant's financial status and inability to pay a fine and/or costs.

### Allan Peters: Offender Characteristics

Mr. Peters does not take issue with that recitation, as describes his Personal and Family Data in the Presentence Report (PSR), prepared by the United States Probation Office. Certain aspects of the PSR, however, require emphasis.

Mr. Peters, who is 43 years old, was born in Cornwall, Ontario, Canada. He is a Native American, raised in that geographical territory known as the Akwesasne reserve in the confluence of northern New York and St. Regis, Quebec. He is the loving father of Levi Allan Peters, who is 3 ½ years of age. He

has maintained a strong bond with Levi, who resides with his biological mother, Vicki Golden. It is significant that, relevant to the relationship between Allan and his son, the PSR notes that "... Peters became emotional when discussing his son ...". Mr. Peters, in recognition of his own family history, despite the compelling circumstances of trial and conviction, has pledged that he will continue to maintain a loving and supportive relationship with his young son and to be that good father when he returns to society.

Mr. Peters' life might best be described as difficult. He grew up in poverty and has been plagued with alcoholism and related health problems, including Type II diabetes and hypertension. The ravages of alcohol addiction are not unique to Mr. Peters, but are seemingly endemic on the St. Regis Mohawk Reservation where life is characterized by poverty and its residual effects.

Mr. Peters is a man of worth who has struggled to overcome a prior dysfunctional life. He has much to offer his society. These characteristics cannot be overshadowed by his background. Allan was deprived of a stable family environment, economic security, educational opportunity and those numerous benefits that are taken for granted by many of us who have been privileged not to experience systemic hardship. Allan fell into a pattern of alcohol abuse and its inevitable, residual effects. A Criminal History with respect to persons who suffer these denials is all too often inevitable. It is well documented that the Native American community, as a whole, has suffered as well. This is posited not as an excuse, but in an effort to assist the Court in recognizing Defendant's condition and life circumstances.

Allan Peters now looks to the future and seeks to utilize his skills when he is released from prison. In sum, he is committed to being a viable, productive member of our society.

Allan Peters is deserving of this Court's compassion and consideration.

### THE COURT IS REQUIRED TO IMPOSE A SENTENCE SUFFICIENT, BUT NOT GREATER THAN NECESSARY, TO COMPLY WITH THE PURPOSES SET FORTH IN 18 U.S.C. §3553(a)(2)

The sentencing of criminal defendants in the Federal system is now ultimately governed by 18 U.S.C. §3553(a). That subsection first requires that the Court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. §3553(a)(2). This requirement is the so-called "Parsimony Principle" that governs sentencing.

After *United States v Booker, 543 U.S. 220, 268 (2005),* the Sentencing Guidelines are no longer a mandatory regime. Instead, the District Court must take the advisory Guidelines into account together with other sentencing factors enumerated in 18 U.S.C. §3553(a). To determine the proper sentence, the District Court must first calculate the applicable Guidelines' Sentencing Range and, after doing so, may then impose a sentence outside the range in order to tailor the sentence in light of those statutory concerns in §3553(a). Instead of being bound by the Sentencing Guidelines, a sentencing court is now required to consider the Guideline ranges in conjunction with those statutory factors set forth in 18 U.S.C. §3553(a). As the Guidelines are generalizations, the ultimate focus of sentencing should be on the reasonableness of the sentence, given the facts of

the particular case.

**Sentencing Procedure:  Section 3553(a)/The Reasonableness Standard**

As the Second Circuit underscored in *US v Crosby, 397 F.3d 103, 116 (2d Cir., 2005)*, it is now consonant with the role of district judges in imposing sentences and the episodic role of appellate judges in reviewing sentences ... to permit the concept of consideration in the context of the applicable Guideline range to evolve.

The Court in *Crosby* outlined a few general principles and approaches to sentencing post-Booker: 1) the Guidelines are no longer mandatory, 2) sentencing judges are to consider them alongside all of the other factors in §3553(a), 3) "consideration" of the Guidelines will normally require a determination of the applicable Guideline range and policy statements, 4) after considering the Guidelines and the factors in §3553(a), the sentencing judge should decide whether to impose the sentence that would have been imposed under the Guidelines (meaning either a sentence within the range or within the permissible departure authority), or to impose a non-Guidelines sentence, and 5) the sentencing judge is entitled to find all facts appropriate for determining a Guidelines sentence or a non-Guidelines sentence. Id. at 7.

Under 3553(a)(1), a sentencing court must consider, when deciding the sentence to be imposed, the nature and circumstances of the offense and the history and characteristics of the defendant.  Thus Booker allows for consideration of factors previously precluded from consideration under the Guidelines as well as unusual factors present in a case.

5

Section 3553(a) directs the Sentencing court to consider seven factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed -

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
( C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

Upon consideration of these factors, the statute directs the Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." 18 U.S.C. §3553(a)

### OFFENSE LEVEL COMPUTATION

At trial, the jury found Mr. Peters to be responsible for 1000 kg. or more of marihuana. An offense involving 1000 kg. but less than 3000 kg. now has a Base Offense Level of 30, per that reduction accorded pursuant to 18 U.S.C. §3582 and Amendment 782 to the United States Sentencing Guidelines, which made a reduction in the Base Offense Level for offenses retroactive as of November 1,

2014.  Mr. Peters would thus now be subjected to a Base Offense Level of 30 and with the Criminal History of II, ... the Guideline Range for imprisonment of 108 - 135 months.

Mr. Peters is mindful of the fact that the Court's sentencing options are limited insofar as the minimum term of imprisonment is 10 years.  21 U.S.C. §846 & 21 U.S.C. §841(b)(1)(A).   Since Defendant is subject to a 10 year mandatory minimum sentence, his Guideline Sentence is thus deemed to be 120 months. *See, e.g., United States v Richardson, 521 F.3d 149 (2d Cir., 2008)*  The Court must, under §3553(a)(2)(A), consider the need for the sentence imposed to reflect the seriousness of the offense.  With this core principle in mind, Defendant's sentence should not be greater than the 10 year mandatory minimum.

## CONCLUSION

For all the foregoing reasons and upon the grounds set forth hereinabove, the Court should impose that mandatory minimum sentence of 120 months.

Dated:  January 21, 2015
       Albany, New York

Respectfully submitted,

DENNIS B. SCHLENKER, ESQ.

By: _____
Dennis B. Schlenker
Federal Bar Code: 102545
Attorney for Defendant
174 Washington Avenue
Albany, New York 12210
(518) 463-4473

7

TO:    HON. GLENN T. SUDDABY
        Judge, US District Court
        Northern District of New York

        Richard S. Hartunian, United States Attorney
        Northern District of New York
        Attn: Daniel C. Gardner, AUSA; Katherine E. Kopita, AUSA

        US Probation Officer, Steven Sheffer

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              **CERTIFICATE OF SERVICE**

    -against-

**ALLAN PETERS,**                    Docket No. 8:13-cr-00316-002(GTS)

                              **Defendant.**
_____

        I hereby certify that on January 21, 2015, I filed the following, on behalf of Defendant Allan Peters, with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

1. Hon. Glenn T. Suddaby, Judge,
   United States District Court, Northern District of New York
2. Daniel C. Gardner, AUSA, Northern District of New York
   daniel.gardner@usdoj.gov
3. Katherine E. Kopita, AUSA, Northern District of New York
   katherine.kopita@usdoj.gov
4. Douglas G.N. Collyer, AUSA, Northern District of New York
   douglas.collyer@usdoj.gov
5. Gwendolyn E. Carroll, AUSA, Northern District of New York
   gwendolyn.e.carroll@usdoj.gov
6. Sean K. O'Dowd, AUSA, Northern District of New York
   Sean.ODowd@usdoj.gov
7. Steven Scheffer, U.S. Probation Officer, Northern District of New York

*/s/ Marianne Rychel*
Marianne Rychel, Secretary to the Firm
Dennis B. Schlenker, Esq.
Federal Bar Code: 102545
Attorney for Defendant Allan Peters