UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                               8:13-CR-0316 (GTS)

ALLAN PETERS, a/k/a "Hiio,"

                        Defendant.
_____

APPEARANCES:                                   OF COUNSEL:

HON. GRANT C. JAQUITH                  DOUGLAS G. COLLYER, ESQ.
Acting United States Attorney for the N.D.N.Y.    Assistant United States Attorney
   Counsel for the Government
100 South Clinton Street
P.O. Box 7198
Syracuse, NY 13261

ALLAN PETERS
   Defendant, *Pro Se*
Fort Dix FCI
P.O. Box 2000
Joint Base MDL, NJ 08640

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

        Currently before the Court, in this criminal proceeding against Allan Peters, a/k/a "Hiio" ("Defendant"), is Defendant's motion for a new trial pursuant to Fed. R. Crim. P. 33. (Dkt. No. 109.) The Government has opposed Defendant's motion. (Dkt. No. 110.) For the reasons set forth below, Defendant's motion is denied.

**I.     RELEVANT BACKGROUND**

    **A.     Procedural History**

The sole count of the Indictment in this action charged Defendant with conspiracy to possess with the intent to distribute and to distribute one thousand kilograms or more of marijuana, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  (Dkt. No. 6.) On January 27, 2014, a jury trial commenced before this Court.  On January 30, 2014, the jury returned a unanimous verdict of guilty.

On February 12, 2014, Defendant filed a (counseled) motion for acquittal pursuant to Fed. R. Crim. P. 29(c) or, in the alternative, for a new trial pursuant to Fed. R. Crim. P. 33.  (Dkt. Nos. 46, 63.)  The Court denied Defendant's motion.  *U.S. v. Peters*, 13-CR-0316, 2014 WL 12656911, at *1-4 (N.D.N.Y. July 9, 2014) (Suddaby, J.).  Defendant appealed the judgment of conviction, which the Second Circuit affirmed.  *U.S. v. Peters*, 639 F. App'x 34 (2016) (summary order).

Because the parties' briefs demonstrate an accurate understanding of the relevant facts of this case, the Court will not provide a detailed description of those facts in this Decision and Order, which is intended primarily for the review of the parties.  Rather, the Court will refer to those facts only when necessary in its analysis of Defendant's motion.

    **B.     Parties' Briefing on Defendant's Motion**

Liberally construed, Defendant's motion argues as follows: (1) because "Bureau of Prisons records . . . clearly shows [*sic*] that [he] was incarcerated from December 21, 1997 to May 2, 2002," the grand jury testimony and trial testimony of Government witness Cheryl Lobdell, which "placed [him] at the scene of the alleged crime" during the same time period, was

perjured; (2) this discrepancy between Lobdell's testimony and Defendant's period of incarceration constitutes newly discovered evidence (and "proves beyond a reasonable doubt that [she] committed perjury at the Grand Jury proceedings and during the trial") because he did not receive an unredacted transcript of Lobdell's grand jury testimony until January 2017; and (3) to the extent that this evidence does not constitute "newly discovered evidence," the Court should deem his motion timely filed *nunc pro tunc* based on excusable neglect because (a) "ineffective trial counsel still represented" him "months after the verdict" was rendered in January 2014, (b) "ineffective appeal attorney Dennis Schlenker" represented him until the Second Circuit permitted him to proceed *pro se*, (c) the Government "refused to comply" with his discovery requests for *Jencks*, *Brady*, and *Giglio* material, and (d) the Government elicited Lobdell's testimony, which it knew to be false. (Dkt. No. 109 at 2-7 [Def.'s Mtn.].)

In opposition to Defendant's motion, the Government argues as follows: (1) Lobdell's testimony does not constitute newly discovered evidence, and Defendant's motion is therefore untimely, because (a) the Government disclosed Lobdell's grand jury testimony prior to trial in 2014 (as evidenced by the grand jury transcript that bears the Government's Bates-stamped pagination and is attached to Defendant's motion), (b) the Government disclosed *Jencks, Brady,* and *Giglio* material to defense counsel, and (c) defense counsel's knowledge of the sum and substance of Lobdell's grand jury testimony is imputed to Defendant; (2) Defendant has not established that Lobdell committed perjury (given that she testified about her role in the marijuana smuggling operation from, *inter alia*, 1990-1998, a time period during which Defendant was not incarcerated); (3) Defendant has not established that, even if Lobdell did proffer perjured testimony, the perjury was material, because (a) the Indictment charged

3

Defendant with participating in the conspiracy between 2005 and 2011, well after the time period that he alleges he was incarcerated, (b) the Government presented other "significant corroborating evidence" of Defendant's guilt, including (i) the testimony of cooperating witnesses, (ii) recorded conversations involving Defendant, and (iii) evidence that Defendant paid $5,000 in cash for a down payment on a truck that was later registered in Lobdell's name and used by Lobdell to transport large quantities of marijuana; and (4) Defendant has not established that the allegedly perjured testimony remained undisclosed during trial for the reasons discussed above.  (Dkt. No. 110 at 3-10 [Govt's Resp.].)

Liberally construed, Defendant's reply reiterates the arguments set forth in his motion and, moreover, argues as follows: (1) a "General Journal Voucher" ("Voucher") from Frenchie's Chevrolet, Inc.–the dealership from which Lobdell purchased the truck used as part of the conspiracy and referenced by the Government in its response–establishes that Lobdell used "a $5,000 credit" that Defendant had from a previous transaction with the dealership to purchase the truck; (2) the Voucher constitutes newly discovered evidence that Lobdell committed perjury during both her grand jury testimony and trial testimony when she testified that she personally observed Defendant make a cash payment on the purchase of the truck; and (3) Defendant "had nothing to do with the purchase of the truck" and "had no access to th[e V]oucher prior to trial because his defense attorney told him that such a voucher did not exist."  (Dkt. No. 113 at 1-4 [Def.'s Reply].)

## II.     LEGAL STANDARD GOVERNING A MOTION FOR A NEW TRIAL

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  Motions for a new trial are

"disfavored in this Circuit" and are therefore granted sparingly.  *U.S. v. Gambino*, 59 F.3d 353, 364 (2d Cir. 1995).  "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice."  *U.S. v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) (citing *U.S. v. Sanchez*, 969 F.2d 1409, 1414 [2d Cir. 1992]).  "[B]efore ordering a new trial pursuant to Rule 33, a district court must find that there is 'a real concern that an innocent person may have been convicted.'"  *U.S. v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009) (quoting *Ferguson*, 246 F.3d at 134); *accord, Sanchez*, 969 F.2d at 1414.  If "competent, satisfactory, and sufficient evidence in the record supports the jury verdict," a new trial should not be granted.  *Ferguson*, 246 F.3d at 133 (citation and internal quotation marks omitted).  "Because the courts generally must defer to the jury's resolution of conflicting evidence and assessment of witness credibility, '[i]t is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment.'"  *McCourty*, 562 F.3d at 475-76 (quoting *Sanchez*, 969 F.2d at 1414).  "An example of exceptional circumstances is where testimony is 'patently incredible or defies physical realities,' and the district court's identification of problematic testimony does not automatically meet this standard."  *Id.* at 476 (quoting *Sanchez*, 969 F.2d at 1414).

### III.    ANALYSIS

After carefully considering the matter, the Court denies Defendant's motion for a new trial for each of the reasons set forth in the Government's response.  (Dkt. No. 110.)  More specifically, the Court accepts the Government's arguments that (a) Lobdell's testimony about the time period of Defendant's involvement in the conspiracy does not constitute newly discovered evidence (and that his motion is therefore untimely under Fed. R. Crim. P. 33[b][2]),

and (b) in any event, Defendant has not established either that Lobdell's testimony was actually perjured or that it was material (both of which are required).[1] (*Id.*)  A new trial is therefore unwarranted.  To the Government's reasons, the Court adds the following analysis (which is intended to supplement, and not to supplant, those reasons).

First, with respect to the arguments in Defendant's motion (i.e., that he was incarcerated during some of the time period about which Lobdell testified in relation to the conspiracy), Defendant certainly knew, or had reason to know, of the dates on which he was incarcerated, as well as of Lobdell's trial testimony (given that he was present at his trial).  Simply stated, Defendant's arguments do not concern any evidence that was newly discovered or suggest "a real concern that an innocent person may have been convicted."  *McCourty*, 562 F.3d at 475 (internal quotation marks omitted).

Second, with respect to the arguments regarding the purchase of the truck raised in Defendant's reply, the Court notes that a movant may not raise new arguments for the first time in a reply brief.  *See, e.g., U.S. v. Viertel*, 01-CR-0571, 2008 WL 1944851, at *2 (S.D.N.Y. Apr. 30, 2008) (noting that "[n]ew arguments in a reply brief are not a proper basis for a motion" for a new trial); *see also U.S. v. Feldman*, 879 F. Supp. 2d 231, 234 n.2 (N.D.N.Y. 2012) (Hurd, J.) ("Any new arguments raised for the first time in the replies will not be considered.").  This alone constitutes an adequate basis for denying Defendant's motion as it concerns these arguments.

---

[1] A motion for a new trial "grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."  Fed. R. Crim. P. 55(b)(2).  In this case, the jury rendered its verdict on January 30, 2014, exactly three years before Defendant filed the present motion.  (Dkt. Nos. 43, 109.)

In any event, Defendant has not established that he is entitled to a new trial on the bases relied on in his reply. The Voucher filed by Defendant and which, he asserts, relates to the purchase of the truck used during the conspiracy, contains an entry for a "5000.00" credit with the notation that appears to state, "Allan Peters to Cheryl Lobdell." (Dkt. No. 113 at 7.)[2] The thrust of Defendant's argument is that the Voucher establishes that Lobdell lied when she testified that she saw Defendant make a cash payment for the truck just before she took possession of it. (Dkt. No. 113 at 2.)

"In order to be granted a new trial on the ground that a witness committed perjury, the defendant must show that [1] the witness actually committed perjury; [2] the alleged perjury was material; [3] the government knew or should have known of the perjury at [the] time of trial; and [4] the perjured testimony remained undisclosed during trial." *U.S. v. Josephberg*, 562 F.3d 478, 494 (2d Cir. 2009) (ellipses and internal quotation marks omitted). "It is the task of the jury as the 'appropriate arbiter of the truth' to 'sift[ ] falsehoods from facts' and determine whether an inconsistency in a witness's testimony represents intentionally false testimony or instead has innocent provenance such as confusion, mistake, or faulty memory." *Josephberg*, 562 F.3d at 494-95 (quoting *U.S. v. Zichettello*, 208 F.3d 72, 102 [2d Cir. 2000]). However, "[e]ven where courts in this Circuit have clearly identified perjured testimony, they have refused to grant a new trial unless the court could find that the jury probably would have acquitted in the absence of the false testimony." *McCourty*, 562 F.3d at 476 (internal quotation marks omitted).

---

[2] Citations to the exhibits attached to Plaintiff's reply refer to the pagination generated by CM/ECF, the Court's electronic filing system.

The Voucher is difficult to read, does not identify a specific dealer or buyer, does not appear to reference the truck at issue, and does not state that the "5,000" referenced thereon represented some sort of store credit, rather than cash paid by Defendant.  (Dkt. No. 113 at 7.) In any event, even if the Court were to assume that the Voucher does relate to the purchase of the truck (and that the "5,000" represented a store credit that Defendant transferred to Lobdell for her use, rather than a payment made in physical cash on the date in question), its contents do not support the conclusion that Lobdell committed perjury or that Defendant "had nothing to do with the purchase" of the truck.  (*Id.* at 1.)

As an initial matter, during her trial testimony, Lobdell testified that, when she went to the dealer with Defendant, she saw Defendant speak with a salesman and the salesman commented, "[Y]ou found somebody for the truck." (Dkt. No. 55 at 54 [Trial Tr.].)  Lobdell testified that Defendant replied, "[Y]es," "handed [the salesman] some money," and left the dealership, and Lobdell took possession of the truck.  (*Id.*)  Lobdell's grand jury testimony was consistent with her trial testimony.  During neither proceeding did she testify that Defendant paid $5,000 in cash in her presence for the truck, and the Voucher does not establish that Defendant *did not* pay any cash for the truck.  While Lobdell did not specify in her testimony at either proceeding the amount of cash Defendant paid toward the truck in her presence, or what, exactly, the cash may have represented with respect to the purchase, the Voucher does not demonstrate that her testimony was false.  Indeed, the Voucher *supports*, rather than refutes, the conclusion that Defendant had a role in Lobdell's purchase of the truck.  The Court finds that, even in light of the Voucher, Lobdell's testimony was not "problematic," much less "patently incredible." *McCourty*, 562 F.3d at 476.

8

Moreover, Defendant does not dispute other aspects of Lobdell's trial testimony (for example, that he was actually at Frenchie's with Lobdell on the date at issue and that he spoke with the salesman with regard to the purchase of the truck), and he does not address the other substantial evidence cited by the Government in its response. Rather, by his own account, he transferred a $5,000 credit to Lobdell which was used to purchase the truck. (Dkt. No. 113 at 2.) The trial evidence supported the Government's theory that Defendant had a financial relationship with his coconspirators, and the Voucher is consistent with that theory.

In short, Defendant has not established that (1) Lobdell actually proffered perjured testimony or (2) her allegedly perjured testimony that she saw Defendant pay cash toward the truck was material. Notably, Defendant has not alleged, much less established, that the Government knew of the Voucher's existence at the time of trial.

For each of these reasons, as well as those set forth in the Government's response, the Court concludes that a new trial is unwarranted. Defendant's motion is therefore denied.

**ACCORDINGLY** it is

**ORDERED** that Defendant's motion for a new trial (Dkt. No. 109) is **DENIED**.

Dated:    August 30, 2017
          Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge